

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00019-CR

JORGE TOMAS PINA-SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F0383-102

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Jorge Tomas Pina-Salazar was found guilty in a single jury trial on five charges of various forms of improper sexual activity toward a child, the trial court orally sentenced him, setting his sentences out in what we have identified as three layers. The first layer, containing just his sentence on the first conviction (this case[1]), a fifty-year sentence, would run consecutively with the sentences in the other two layers. The second layer, containing the next three sentences, each for twenty years, would be served concurrently with each other, but this layer's sentences would run consecutively with the sentences in the other two layers. The third layer, containing just the final sentence, another twenty-year sentence, would run consecutively to the sentences in the other layers.

Pina-Salazar appeals, claiming only that the written judgment does not correctly reflect the sentence orally pronounced by the trial court. We disagree.

Per the jury's recommendations, the trial court orally pronounced the sentences set out below. The court then declared, "With regards to consecutive or concurrent, the Court is going to run [06-22-00020-CR], [06-22-00021-CR], and [06-22-00022-CR], those cases will run concurrent but they will run consecutive to [06-22-00019-CR]. And then Cause Number [06-22-00023-CR] will run consecutive to those two prior sentences."[2] Pina-Salazar lodged no objection to the trial court's sentences.

---

[1]We address Pina-Salazar's appeals of the other four cases in our opinions in cause numbers 06-22-00020-CR; 06-22-00021-CR; 06-22-00022-CR; and 06-22-00023-CR. Each of those convictions were for separate acts of improper sexual behavior toward a child.

[2]We substitute this Court's cause numbers for the trial court cause numbers, recited by the trial court, for clarity.

We understand the trial court's oral pronouncement to sentence Pina-Salazar as follows:

| Trial Cause Number | Appellate Cause Number | Sentence of Imprisonment | Layer | Concurrent or Consecutive[3] |
|---|---|---|---|---|
| 21F383-102 | 06-22-00019-CR (this case) | 50 years | One | Consecutive with sentences in layers two and three. |
| 21F384-102 | 06-22-00020-CR | 20 years | Two | Sentences run concurrently within layer two, but consecutively with sentences in layers one and three. |
| 21F385-102 | 06-22-00021-CR | 20 years | | |
| 21F386-102 | 06-22-00022-CR | 20 years | | |
| 21F727-102 | 06-22-00023-CR | 20 years | Three | Consecutive with sentences in layers one and two. |

The trial court's written judgment in this case reads as follows:

Punishment and Place of Confinement:
FIFTY (50) YEARS TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION; TO RUN CONSECUTIVELY TO [06-22-00020-CR], [06-22-00022-CR], [06-22-00021-CR], AND [06-22-00023-CR].

Immediately below that is the following line:

THIS SENTENCE SHALL RUN CONSECUTIVE

We find that the written judgment in this case, when understood as being appropriately focused on the sentence in this case, accords with the sentences that the trial court pronounced in open court in Pina-Salazar's presence.

Pina-Salazar, however, argues the following:

The Court's written judgment entered in [06-22-00019-CR] reflects the sentence rendered in that action will run consecutively to the sentences rendered in [06-22-00020-CR], [06-22-00021-CR], [06-22-00022-CR], and [06-22-00023-CR][4]. . . . The Judgment entered in [06-22-00023-CR] reflects the sentence rendered in that action runs consecutively to the sentences rendered in [06-22-00019-CR], [06-22-

---

[3]Consecutive sentences were authorized by Section 3.03(b)(2)(A) of the Texas Penal Code. TEX. PENAL CODE ANN. § 3.03(b)(2)(A).

[4]The convictions we refer to as "the concurrent three."

3

00020-CR], [06-22-00021-CR], [06-22-00022-CR], but does not specify in which order the concurrent sentences entered in cause numbers [06-22-00020-CR], [06-22-00021-CR], [06-22-00022-CR] and the sentence rendered in [06-22-00019-CR] run . . . . Finally, the written judgments entered in [06-22-00020-CR], [06-22-00021-CR], [06-22-00022-CR] reflect a third iteration of the Court's cumulation of the sentences:  those judgments reflect the sentences rendered in those three actions each run concurrently, but consecutively to the sentences rendered in [06-22-00019-CR] and [06-22-00023-CR] . . . . Thus, none of the written judgments accurately reflect the sentence pronounced in open court.

Pina-Salazar's characterization of the judgments is misplaced.

As regards to the trial court's judgment in this case, we find that it correctly reflects the trial court's oral pronouncement of the sentence in this case made at trial.  The judgment in this case states that its fifty-year sentence shall run consecutive to the concurrent three (i.e., Layer Two) and to the sentence in 06-22-00023-CR (i.e., Layer Three).  That is what the trial court pronounced in Pina-Salazar's presence at trial.

Although, as we have just stated, the judgment's field that begins "Punishment and Place of Confinement" accurately describes the trial court's oral pronouncement of the sentence herein and fully sets out the concurrent or consecutive nature of the sentence in this case, the subsequent field that begins "THIS SENTENCE SHALL RUN" is unnecessary[5] as to the judgment herein, and, as to some of the other cases mentioned herein, introduces at least the possibility of confusion.  Therefore, we strike from the written judgment in this case the line that begins "THIS SENTENCE SHALL RUN" to remove the possibility that such subsequent field might subvert or confuse the accuracy or completeness of the previous field.

---

[5]This field is normally useful, but in this judgment is unnecessary, since the concurrent or consecutive handling of this sentence with the others is fully described in the previous field.

4

As for the judgments in the other four cases, we address those in their respective opinions. We modify the judgment herein by striking the entire line that begins "THIS SENTENCE SHALL RUN," as addressed above, and affirm the judgment, as so modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 30, 2022
Date Decided:       October 12, 2022

Do Not Publish